UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:22-CV-00143-CHB-EBA

DANIUS JACKSON,                                                                        PLAINTIFF,

V.                                    **REPORT & RECOMMENDATION**

LOUIS DEJOY
*Postmaster General, United States Postal Service*,                    DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Louis DeJoy's Motion to Dismiss for Failure to Prosecute, or, in the Alternative, Motion for Judgment on the Pleadings and Summary Judgment. [R. 47]. Defendant filed this motion on August 27, 2024, and the undersigned then issued an order directing Plaintiff Danius Jackson to file a response to Defendant's Motion by September 30, 2024. [R. 50]. Since then, Jackson has filed no response to the pending motion to dismiss. As such, the matter is now ripe for review. For the reasons explained below, the undersigned will recommend that Defendant's Motion be granted.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Jackson filed this action against Defendant DeJoy on June 3, 2022, and alleges that DeJoy violated the Americans with Disabilities Act, the Veteran Employment Opportunities Act, and the Veterans' Recruitment Appointment by retaliating and discriminating against Jackson based on his race, gender/sex, and disability. [*See* R. 1]. The matter was referred to the undersigned to oversee pretrial and discovery matters. [R. 10]. The undersigned then directed the parties to file separate status reports to indicate how long they would need to conduct discovery in this matter.

[R. 17]. Defendant DeJoy filed his status report [R. 18], but no such report was filed by Jackson. The Court then entered its Scheduling Order on May 5, 2023, which directed the parties to serve their initial disclosures on each other by June 2, 2023. [R. 19]. While DeJoy did so [R. 20], Jackson did not and has not served any such disclosures on the Defendant.

Since then, the parties have engaged in written and oral discovery. However, during this process, issues arose with Jackson's responses, or lack thereof, to Defendant DeJoy's discovery requests. For example, DeJoy served his first set of discovery requests onto Jackson in August of 2023. [*See* R. 40 at pg. 2]. However, Jackson failed to respond to these requests and the Court eventually ordered him to serve his responses on Defense counsel by March 7, 2024. [R. 35]. Jackson then served partial responses to Defendant's discovery requests, but never responded to his requests for the production of documents. [R. 47 at pg. 9]. DeJoy then served a second set of discovery requests on Jackson on March 12, 2024. [R. 40-5]. However, Jackson has not responded to these requests since he received them.

In response to these discovery issues, Defendant filed a Motion to Compel. [R. 40]. Again, Jackson did not respond to the motion and the undersigned granted it on June 24, 2024, ordering Jackson to serve his initial disclosures and to respond to Defendant's pending discovery requests by July 8, 2024. [R. 42]. Defendant DeJoy now indicates, however, that Jackson has never served his initial disclosures or produced any responses to the pending discovery requests. [R. 47 at pg. 9]. As a result, DeJoy now moves to dismiss this action based on Jackson's failure to prosecute this case or alternatively, to dismiss this case on the pleadings or through summary judgment. [*Id.*]. The undersigned directed Jackson to respond to this motion by September 30, 2024, and advised him that failure to do so could result in a recommendation that his case be dismissed. [R. 50]. Since then, Jackson has not filed a response to the pending motion and the time to do so has elapsed.

Therefore, the matter is ripe for review.

## II.   STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 37, the Court can issue sanctions against parties that fail to cooperate in discovery or comply with the Court's orders. One sanction that can be imposed against the offending party is dismissing the action in whole or in part. FED. R. CIV. P. 37(b)(2)(v). Likewise, pursuant to FED. R. CIV. P. 41(b) "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Indeed, the Sixth Circuit has previously held that if a party can comply with a discovery order and fails to do so, it is not an abuse of discretion to dismiss the action. *See Bass v. Jostens, Inc.,* 71 F.3d 237, 241 (6th Cir. 1995). However, such a sanction is considered a last resort and should only be imposed if the party's failure to cooperate in the discovery process is because of willfulness, bad faith, or fault. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). Regardless if the Defendant is seeking to dismiss the case pursuant to FED. R. CIV. P. 37 or FED. R. CIV. P. 41, the Sixth Circuit has established that the Court is to consider the following factors to determine if dismissal is appropriate: "1) whether the party's failure to cooperate in discovery is due to willful bad faith and not mere inability to cooperate, 2) whether the opposing party was prejudiced, 3) whether the offending party was warned that failure to cooperate could result in default judgment, and 4) whether less drastic sanctions were considered prior to an entry of default." *Ndabishuriye v. Albert Schweitzer Soc'y, USA, Inc.*, 136 F. App'x 795, 800 (6th Cir. 2005) (citing *Abbe*, 916 F.2d at 1073). "'Although no one factor is dispositive, dismissal [or default judgment] is proper if the record demonstrates delay or contumacious conduct.'" *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, No. CIV. 12-91-GFVT, 2014 WL 5107464, at *3 (E.D. Ky. Sept. 30, 2014) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). In other

words, the opposing party's conduct "'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). The Sixth Circuit has found that such conduct occurs when a party fails to respond to discovery requests, fails to respond to motions to compel, and fails to comply with a court's order directing the party to fully respond to the pending discovery requests. *See Barron v. Univ. of Michigan*, 613 F. App'x 480, 484 (6th Cir. 2015); *see also Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir.1997). Finally, it is true that *pro se* litigants are afforded a degree of leniency in legal proceedings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Sixth Circuit has found that no special consideration should be granted to *pro se* litigants when they fail to comply with readily comprehended court orders and "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir.1980)).

## III.   ANALYSIS

Here, Jackson has failed to respond to Defendant's discovery requests multiple times and has engaged in conduct that has severely delayed the progression of this case. [*See* R. 47 at pg. 9]. Indeed, throughout this litigation, Jackson has failed to comply with the Court's Order to submit a status report to indicate how much time he would need to conduct discovery [*see* R. 17] and has failed to tender his initial disclosures and complete responses to Defendant's discovery requests despite an Order directing him to do so. [*See* R. 42; R. 47 at pg. 9]. Plaintiff was further warned that failure to comply with the Court's Order granting Defendant's motion to compel could result in sanctions being imposed against him, including a dismissal of his claims. [R. 42 at pg. 2]. Jackson has therefore willfully failed to comply with his discovery obligations and to cooperate in

the discovery process and done so despite being explicitly warned that failure to comply with the Court's orders could result in a dismissal of his case. Further, Defendant DeJoy has been prejudiced by this pattern of delay as he has been deprived access to evidence and witness information Jackson claims to possess but has refused to produce to Defense counsel. [*See* R. 47 at pgs. 10–11]. This behavior is especially prejudicial when one considers the fact that the alleged events in this case took place in 2015—approximately nine years ago—and this case was originally initiated in 2022. [*See* R. 1]. Jackson's failure to provide these materials and information in a timely fashion is therefore extremely prejudicial given the amount of time that has passed since the relevant events of this case took place and when this matter was first filed with the Court. Finally, as Defendant DeJoy points out, lesser sanctions would not be appropriate at this stage because the discovery and dispositive motion deadlines have already elapsed and "should the Court deny this Motion, the case could not fairly proceed to trial on the record now before this Court, which contains hardly any evidence proffered by Jackson in support of his claims." [R. 47 at pg. 12].

Finally, as previously stated, Jackson was instructed by the undersigned to file a response to Defendant's motion by September 30, 2024. [R. 50]. At the time of the filing of this Report and Recommendation, no such response has been filed. Jackson has therefore failed to provide any affirmative evidence to support his allegations and Complaint or to demonstrate that he has adequately prosecuted this matter. Therefore, even if the Court did find that Jackson had properly prosecuted this case, on these grounds alone the Court may alternatively grant summary judgment in the Defendant's favor. *See Byrd v. Brandeburg*, 922 F. Supp. 60, 62 (N.D. Ohio 1996) ("In this case, the defendants have failed make any response to the plaintiffs' motion for summary judgment. Accordingly, it is within this Court's power to grant the plaintiffs' motion on that ground alone.");

*Bailey v. Ingram*, No. 5:14-CV-279-CHB-EBA, 2018 WL 6112972, at \*2 (E.D. Ky. July 26, 2018), *report and recommendation adopted*, No. 5:14-CV-279-CHB, 2018 WL 6112953 (E.D. Ky. Nov. 21, 2018) ("It is within the Court's power to grant summary judgment to a moving party on the sole basis that the non-moving party failed to respond.").

Because of Jackson's failure to respond to the Defendant's motion for summary judgment despite the Court's admonition that "failure to properly respond to Defendant's Motion may result in a recommendation that dismissal or summary judgment be granted in Defendant's favor and that Plaintiff's claims should be dismissed," [R. 50], and Jackson's pattern of delay and noncompliance of the Court's orders throughout the course of this case, the undersigned will recommend that the Defendant's motion be granted.

CONCLUSION

The undersigned RECOMMENDS that Defendant Louis DeJoy's Motion to Dismiss for Failure to Prosecute, or, in the Alternative, Motion for Judgment on the Pleadings and Summary Judgment [R. 47] be GRANTED.

\*\*\* \*\*\* \*\*\* \*\*\*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections

within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed October 2, 2024.



Signed By:

*Edward B. Atkins*  ℰβℵ

**United States Magistrate Judge**